IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA,<br>on behalf of the Secretary of Housing and<br>Urban Development, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.  19-cv-313-CVE-FHM |
| 1) THE UNKNOWN HEIRS, EXECUTORS,<br>ADMINISTRATORS, DEVISEES,<br>TRUSTEES, SUCCESSORS AND<br>ASSIGNS OF KENYA H. TOON<br>A/K/A KENYA HOWARD TOON,<br>DECEASED; | )<br>)<br>)<br>)<br>)<br>) |

**AMENDED MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM BRIEF IN SUPPORT THEREOF[1]**

The Plaintiff, United States of America, acting on behalf of the Secretary of Housing and Urban Development, by R. Trent Shores, United States Attorney for the Northern District of Oklahoma, through Jeffrey A. Gallant, Assistant United States Attorney, pursuant to Rule 56 of the Federal Rules of Civil Procedure moves the Court to grant to the United States a judgment in rem against the Defendant, Jason B. Toon, known heir of Kenya H. Toon a/k/a Kenya Howard Toon for foreclosure because no genuine issue exists as to any material fact and the United States is entitled to a judgment as a matter of law.

---

[1] The original motion for summary judgment stated that the United States was seeking a judgment "for the amount set forth in the Complaint". (Doc. 25 at 1). This amended motion strikes that language.

**Statement Of Material Facts As To
Which There Exists No Genuine Dispute**

1. This is a suit based upon a certain promissory note and for foreclosure of a mortgage securing said promissory note upon the following described real property located in Mayes[2] County, Oklahoma, within the Northern Judicial District of Oklahoma:

> **Lot Numbered Eleven (11), of STONEGATE TRAILS, A Subdivision in Mayes County, State of Oklahoma, according to the Official Recorded Plat and Survey thereof, Filed for Record in the office of the County Clerk of said County and State**
> (Dkt. #2, Cmpl.)

2. On November 6, 2009, Kenya H. Toon a/k/a Kenya Howard Toon, a single woman, executed and delivered to the United States of America, acting through the Department of Housing and Urban Development, her promissory note in the amount of $225,000.00, payable in monthly installments, with interest thereon at the rate of 5.560 percent per annum. (Dkt. #2, Cmpl., Exh. A.)

3. As security for the payment of the above-described note, Kenya H. Toon a/k/a Kenya Howard Toon, a single woman, executed and delivered to the United States of America, acting through the Department of Housing and Urban Development, a real estate mortgage dated November 6, 2009, covering the above described property, situated in the State of Oklahoma, Mayes County. This mortgage was recorded on September 10, 2012, as in Book 1225, Page 185 in the records of Mayes County, Oklahoma. (Dkt. #13, Am.Cmpl., Exh. C.)

4. Under the terms and conditions of the fixed rate note and mortgage described above, the lender may require immediate payment in full of all sums secured by the mortgage if a borrower dies and the property is not the principal residence of at least one surviving borrower.

---

[2] The original motion for summary judgment erroneously referenced "Rogers County". (Doc. 25 at 1). The property is actually in Mayes County. The changes identified in footnote 1 and 2 are the only changes from the original motion for summary judgment.

Kenya H. Toon a/k/a Kenya Howard Toon died on January 20, 2017 and there was no surviving borrower. Plaintiff is entitled to declare the balance due and payable immediately in its entirety and, pursuant thereto, Plaintiff has elected to declare the balance due and payable. Plaintiff alleges that there is now due and owing under the fixed rate note and mortgage, after full credit for all payments made, the principal sum of $107,584.29, plus administrative charges in the amount of $8,211.80, plus accrued interest in the amount of $74,306.31 as of April 24, 2019, plus interest accruing thereafter at the fixed rate of 5.560 percent per annum, plus interest thereafter at the legal rate until fully paid. Affidavit of Mikel K. Anderson, (Exh. A.)

5. The Defendant, Jason B. Toon, known heir of Kenya H. Toon a/k/a Kenya Howard Toon, filed his Answer on August 1, 2019. (Dkt. #7)

6. The Defendants, County Treasurer and Board of County Commissioners, Mayes County, Oklahoma, filed their Answer on July 2, 2019 stating that there are not now due, unpaid, owing or delinquent ad valorem or personal property taxes for the subject real property; however, should ad valorem or personal property taxes become delinquent during the pendency of this foreclosure action, the ad valorem taxes would be a first, prior and superior lien against the subject real property, with the personal property taxes constituting a lien as of the date of entry on the lien docket. (Dkt. #6.)

### Summary Judgment

Summary judgment pursuant to Rule 56 is appropriate where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Kendall v. Watkins,* 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. *Garratt v. Walker,* 164 F.3d 1249, 1251 (10th Cir. 1998).

No material factual disputes have been raised by the pleadings which warrant a trial. Because the Defendant, Kenya H. Toon a/k/a Kenya Howard Toon, a single woman, has raised no genuine factual dispute concerning her liability for indebtedness or computation of the indebtedness, the Court should grant the Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In summary, there is no genuine dispute as to any material fact and judgment as a matter law should be entered in favor of the Plaintiff.

Respectfully submitted,

UNITED STATES OF AMERICA
R. TRENT SHORES
United States Attorney

  s/ Jeffrey A. Gallant
JEFFREY A. GALLANT, OBA #18509
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
Tel: (918) 382-2700
Fax: (918) 560-7938
Jeff.Gallant@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jason B. Toon
*Occupant and Known Heir of Kenya Toon*

Scott Thomas Sawyer
*Attorney for County Treasurer and Board of County Commissioners*

   s/ Michelle L. Schrader
Legal Assistant